## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

CINCINNATI INSURANCE
COMPANY, INC.                                                                          PLAINTIFF

v.                                    Case No. **2:19-cv-00115 KGB**

ANDREA DIEVERNICH, *et al.*                                              DEFENDANTS

### ORDER

Before the Court are several pending motions filed by plaintiff Cincinnati Insurance Company, Inc. ("Cincinnati") and by separate defendant Helena Regional Medical Center ("HRMC") (Dkt. Nos. 161, 164, 165, 169, 174, 178).

Cincinnati filed a motion for leave to file reply in support of its renewed motion for declaratory judgment (Dkt. No. 161). Cincinnati argues that the Allen Defendants[1] raise points in their response and supporting brief that necessitate a reply (*Id.*, ¶ 5). The Allen Defendants responded in opposition to Cincinnati's motion for leave to file reply in support of its renewed motion for declaratory judgment (Dkt. No. 167). The Allen Defendants argue that there is no valid

---

[1] The Allen Defendants are separate defendants Dr. Mark Allen, Sr., Montreal Allen, Kylaun Anderson, Sandre Anderson, Marvie Askew-Evans, Andrew Bagley, Collin Bagley, Donna Block, Richard Brown, Keyon Burrell, Ma'Kaylah Carruth, Shazmyne Jamekia Carruth, Bakarius Collier, Murry Conail, Cypert Ridge Family Practice Clinic, Deketric Davis, Shamar Debnam, Cheryl Dixon, Jameshia Edmond, Chiniya Ellis, Maxine Ellison, Tasheta Evans, Carl Ford, Jr., Cynthia Ford, Magnola Ford, Nakiya Ford, Kylar Gamble, Jaylon Gates, Torri Gates, Adam Goodall, Ashaunte Goodall, Nyrita Gray, Lakesha Hamilton, Chester Harrell, Katrina Harrell, Sharonda Hart, Ahmaud Jones, Kayla Jones, Tangela King, Taylin King, Brandon McBride, Debbie Oliver, Demontae Oliver, John Oliver, Philemon Oliver, Tracey Partee, Bobbie Randle, Justin Redmon, Gian Roberts, Trina Roberts, Angel Sanders, Latesha Sanders, Shequina Shields, Earnest Simpson, Keisha Simpson, Kobe Simpson, Amanda Smith, Javazze Smith, Kyron Smith, Shereka Spearman, Gloria Spencer, Kylan Terry, Jordan Walker, Jimmy White, Phyllis White, Heaven Williams, Syieed Wilson, Breuna Womack, Earnest Womack, Michelle Wright, D'andreya Devay Young, and D'andreya Young  (Dkt. No. 153).

reason for Cincinnati to have the benefit of a reply under these circumstances and that it would be unfair to the Allen Defendants to allow a reply under these circumstances (*Id.*, at 1).  The Allen Defendants do not explain why it would be unfair to allow Cincinnati to file its reply.  Cincinnati in its proposed reply addresses arguments which the Allen Defendants raise in their response and does not raise new arguments (Dkt. No. 161-1).  Based on the record before the Court, the Court does not find that permitting the filing of Cincinnati's reply would unfairly prejudice the Allen Defendants.  Accordingly, and for good cause shown, the Court grants Cincinnati's motion for leave to file reply in support of its renewed motion for declaratory judgment (Dkt. No. 161).  The Court directs Cincinnati to file its reply within 14 days of entry of this Order.

Cincinnati also filed a motion for leave to file reply in support of its renewed motion for default judgment (Dkt. No. 178).  Cincinnati argues that separate defendants Deketric Davis, Richard Brown, and Jameshia Edmond's response is based on mistaken facts which necessitate a reply (*Id.*, ¶¶ 2–3).  No party responded in opposition to Cincinnati's motion, and the time to do so has passed.  Accordingly, and for good cause shown, the Court grants Cincinnati's motion for leave to file reply in support of its renewed motion for default judgment (Dkt. No. 178).  The Court directs Cincinnati to file its reply within 14 days of entry of this Order.

HRMC filed motions to adopt and join Allen Defendants' response to motion for declaratory judgment and brief in support and to adopt and join Allen Defendants' response to renewed motion for summary judgment, brief in support, and response to statement of facts (Dkt. Nos. 164, 165).  HRMC seeks to adopt and join Allen Defendants' responses and briefs in support pursuant to Federal Rule of Civil Procedure 10(c).  Rule 10(c) provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion."  Fed. R. Civ. P. 10(c); *see also Singleton v. Ark. Housing Auths. Prop. & Cas. Self-*

*Insured Fund, Inc.*, Case No. 4:15-cv-205-KGB, 2018 WL 1588022, at *1 (E.D. Ark. Mar. 31, 2018) (granting separate plaintiff's motion to adopt and incorporate by reference co-plaintiff's response pursuant to Rule 10(c)).  No party responded in opposition to HRMC's motions, and the time to do so has passed.  Accordingly, and for good cause shown, the Court grants HRMC's motions to the extent that HRMC seeks to adopt and join Allen Defendants' response to motion for declaratory judgment and brief in support and response to motion for summary judgment, brief in support, and response to statement of facts (Dkt. Nos. 164, 165).  The Court takes no position at this time on the merits of the underlying responses, briefs in support, or motions and reserves ruling on Cincinnati's motions for declaratory judgment and for summary judgment (Dkt. Nos. 142, 144).

HRMC also filed a renewed motion for leave to file counterclaim and cross-complaint (Dkt. No. 169).  No party responded in opposition to HRMC's motion, and the time to do so has passed.  Accordingly, and for good cause shown, the Court grants HRMC's motion for leave to file counterclaim and cross-complaint (Dkt. No. 169).  The Court directs HRMC to file its counterclaim and cross-complaint within 14 days of entry of this Order.

Finally, HRMC filed a motion for extension of time to file motion for summary judgment on its proposed cross-complaint (Dkt. No. 174).  HRMC requests that, in the event that the Court grants HRMC's renewed motion for leave to file counterclaim and cross-complaint, the Court also extend the deadline for HRMC to file a motion for summary judgment on its cross-claims (*Id.*, ¶ 12).  HRMC requests an extension of 30 days from the date that the cross-defendants file their respective answers to the cross-complaint, with such deadline beginning from the date that the last answer is filed (*Id.*).  The Court doubts that HRMC's motion for extension of time to file motion for summary judgment on its proposed cross-complaint is properly before the Court because

HRMC has not yet filed its proposed counterclaim and cross-complaint and no party has answered or otherwise responded to HRMC's proposed counterclaim and cross-complaint.  Further, the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas require that in "every motion for any extension of time, . . . the motion shall state that the movant has contacted the adverse party (or parties) with regard to the motion, and also state whether the adverse party opposes or does not oppose same.  If any such motion does not contain the statements required by this rule . . . , the motion may be dismissed summarily for failure to comply with this rule."  Local Rule 6.2(b).  HRMC's motion does not contain a statement that HRMC has contacted the adverse parties with regard to its motion for extension of time.  Accordingly, the Court denies at this time HRMC's motion for extension of time to file motion for summary judgment on its proposed cross-complaint (Dkt. No. 174).  If HRMC wishes, it may refile its motion for extension of time after it has filed its counterclaim and cross-complaint and after all cross-defendants have answered or otherwise responded to HRMC's counterclaim and cross-complaint.

It is so ordered this 30th day of August, 2021.

Kristine G. Baker
United States District Judge