IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CINCINNATI INSURANCE COMPANY,
INC.**                                                                                                       PLAINTIFF

v.                            Case No. 2:19-cv-00115 KGB

**ANDREA DIEVERNICH,** *et al.*                                                     DEFENDANTS

## ORDER

Before the Court is plaintiff Cincinnati Insurance Company, Inc.'s ("Cincinnati"), motion for default judgment (Dkt. No. 170). Cincinnati seeks a default judgment against separate defendants Becky Alexander, Align MD PLLC, Lashanunti Armstrong, Makhi Armstrong, Sammy Arnett, III, Stacy Arnett, Dana Austin, Amod Bailey, Terrace Bailey, Sr., Terrace Bailey, Jr., Nicole Baker, Shamika Beale, Eric Bolden, Rance Bolden, Rashuna Bolden, Adrienne Boone, DeMarcus Borum, Marcia Bowen, Aeshia Brown, Cachet Brown, Monica Brown, Richard Brown, Timothy Bryant, Jerry Burks, Armonie Calhoun, Terrance Calhoun, Amy Carter, Jennie Davis, Willie Davis, Andrea Dievernich, Clayton Dyer, Jeff Dyer, Brian Eaton, Jakoliyan Eaton, Latoria Eaton, Jameshia Edmond, Eddie Evans, Daluis Fields, Yarvarious Frazier, Jarvis Greer, Tanya Greer, Mattie Hardin, Caldreekious Harrell, Tasha Harrell, Markese Harris, Annesha Harrison, Lorenzo Harrison, Nathaniel Harvey, Sharmarcus Heard, Steven Heard, Hickory Hill Pharmacy, Tashia Holder, Eboni Holloway, Cleo Hunter, Brian Jackson, William Jackson, Kadarrian Jones, Pamela Jones, Rae King, Orra Lacey, Jayla Lemon, Veronica Lindzy, Andrew Mattson, Silas Marshall, Sha'Kiera McGaughy, Jamarius McGhee, Kimberly McKinney, Daitrion McMinney, Mid-Delta Radiology Associates, Richard Moore, Patrick Mugridge, Jakahriyah Owens, Jasmine Pruitt, Avin Redmon, Devita Redmon, Cynthia Redmond, Aasia Riley, Joseph Robinson, Sariah

Robinson, Kamedra Rogers, Justin Rogers, Pam Rogers**,** Saline Clinics LLC, DeMarcus Sheard, Kendric Smith, Shalanda Smith, Erica Speed, Javazze Speed, Tykiah Speed, Dewayne Stackhouse, Mamie Stevenson, Lola Jones Stevenson, Tommy Stevenson, Kendrick Strickland, Randy Swearengen, Tandria Thomas, Malek Trotter, Walter Vaughn, Crystal Williams, Michelle Williams, Ra'Shanna Williams, Calvin Willis, Aaron Wright, Debra Wright, and Janett Wright (*Id.*).[1]

Jameshia Edmond, Richard Brown, and Deketric Davis ("Responding Defendants") filed a response docketed as a response in opposition to Cincinnati's motion for declaratory judgment, but the Court interprets it as a response in opposition to Cincinnati's motion for default judgment based on the content of the filing (Dkt. No. 177).  Responding Defendants represent that on January 9, 2019, they filed an answer to Cincinnati's first amended complaint (Dkt. No. 72).  Responding Defendants further represent that, even before filing their answers, they were included in the answer and counterclaim filed on October 28, 2020 (Dkt. No. 147).  Responding Defendants assert that they have complied with all Federal Rules of Civil Procedure and should not be included in Cincinnati's motion for default judgment (Dkt. No. 177, ¶ 8).  Cincinnati filed a reply in support of its motion for default judgment as to these Responding Defendants (Dkt. No. 185).

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments.  *Caterpillar Fin. Servs. Corp. v. Fast Energy Servs. LLC*, Case No. 1:17-cv-192, 2018 WL 3277549, at *1 (D.N.D. Jan. 25, 2018).  First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk of court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend.  *Id.*  Second,

---

[1] The Court lists the names of these individuals as they appear in Cincinnati's motion (Dkt. No. 170), which differs slightly from the listed docket entry that appears.

pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the Rule.  *Id.*  Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b).  *Id.*

A "default" occurs when a defendant fails to answer or respond to a complaint, and an "entry of default" is what the clerk of the court enters when it is established that a defendant is in default.  *Denton v. Conveyor Tech. & Components, Inc.*, Case No. 4:12-cv-191-KGB, 2013 WL 2422679 (E.D. Ark. June 1, 2013); *Roberts v. Kevmar Capital Corp.*, Case No. 4:11-cv-00681-BRW, 2012 WL 1193133 (E.D. Ark. April 10, 2012).  The entry of default is a procedural step in obtaining a default judgment; it is not determinative of any rights.  *Id.*  Pursuant to Federal Rule of Civil Procedure 8(b)(6), "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."  The entry of a default judgment is committed to the sound discretion of the district court.  *F.T.C. v. Packers Brand Meats, Inc.,* 562 F.2d 9, 10 (8th Cir. 1977).

Here, the Court construes Cincinnati's motion as one for entry of default by the Clerk of Court and for entry of default by this Court.  As to those defendants against whom Cincinnati seeks entry of default and who have not responded to Cincinnati's pending motion, the Court hereby refers the motion to the Clerk of Court for consideration.  To consider a motion for default under Rule 55(a), the Clerk requires an affidavit or affirmation setting forth proof of service, including the date thereof; a statement that no responsive pleading has been received within the time limit set by the Federal Rules of Civil Procedure or as fixed by the Court; and a statement that the defendant against whom default is sought is not in military service, as required by 50 U.S.C. § 3931.  If a Clerk's default is entered, the Court directs that the motion not be termed.  If a Clerk's

3

default is entered, the Court will consider the motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure as to these defendants who have not responded.

With respect to the Responding Defendants, the Court looks for guidance to cases examining motions to set aside entries of default. Here, there has been no entry of default by the Clerk. Instead, the Court is examining Cincinnati's motion and the Responding Defendants' response even before the entry of default. In other words, the circumstances are not the same, but the Court still considers the guidance provided by these cases.

Although a motion to set aside an entry of default typically involves consideration of the same factors as a motion to set aside default judgment pursuant to Federal Rule of Civil Procedure 60(b), relief from a mere default entry does not require as strong of a showing as excuse from a default judgment. *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998). There is a distinction because "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Id.* at 784. The judicial preference is to adjudicate claims on the merits. *Oberstar v. F.D.I.C.,* 987 F.2d 494, 504 (8th Cir. 1993).

"Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson,* 140 F.3d at 783. Essentially, the court must determine whether good cause exists to set aside default and allow the defendant to proceed on the merits. *See* Fed. R. Civ. P. 6(b), 55(c).

The delay caused by the Responding Defendants' failure to file a timely answer will not affect the progression of this matter. Additionally, Responding Defendants did answer on January 9, 2019, and participated in this case even earlier with the answer and counterclaim filed on October 28, 2020. They also responded promptly to Cincinnati's motion seeking entry of default and diligently

attempted to rectify of the matter.  The Court observes that Responding Defendants have offered no explanation as to the cause of their delay in filing an answer.  *See In re Jones Truck Lines, Inc.,* 63 F.3d 685, 687 (8th Cir. 1995).  The Court also recognizes that, like other defendants who did answer timely, Responding Defendants likely have defenses to Cincinnati's complaint that should be resolved on the merits, which is the Court's preference.  Given all of the facts and circumstances of this matter, the Court determines that the delay of the Responding Defendants to answer timely was the result of excusable neglect.  Therefore, the Court denies Cincinnati's motion for default judgment as to the Responding Defendants (Dkt. No. 177).

For these reasons, as to the nonresponding defendants, the Court's construes Cincinnati's motion as a motion for entry of default by the Clerk pursuant to Federal Rule of Civil Procedure 55(a) and refers the motion to the Clerk for consideration.  As to the Responding Defendants, the Court denies Cincinnati's motion for default judgment as to the Responding defendants.  The Clerk is directed not to term the motion (Dkt. No. 177).

It is so ordered this 29th day of September, 2021.

                                              *Kristine G. Baker*
                                              Kristine G. Baker
                                              United States District Judge