IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CINCINNATI INSURANCE COMPANY,
INC.                                                                                    PLAINTIFF

v.                                   Case No. 2:19-cv-00115 KGB

ANDREA DIEVERNICH, *et al.*                                           DEFENDANTS

## ORDER

Before the Court is the status of this case. By prior Opinion and Order, the Court determined the total amount of liability coverage under an insurance policy between Cincinnati Insurance Company, Inc. ("Cincinnati") and the Helena-West Helena School District ("District") for a collision involving three District school buses and a Jeep Liberty (Dkt. No. 195). Cincinnati tendered those funds to the Court. The Court acknowledges that, at the conclusion of that Order, the Court stated: "The Court dismisses Cincinnati as a party in this case." (*Id.*, at 15). The Court may have misspoken in that sentence, given the motions that remain pending in this case.

Procedurally, Cincinnati filed its original complaint in interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure seeking to interplead the insurance proceeds under a policy between Cincinnati and the District until such time as the Court determines the proper beneficiary (Dkt. No. 1). In its operative amended complaint, Cincinnati named as parties the drivers of the vehicles involved in the collision (Dkt. No. 140, ¶¶ 2–5), adult passengers and others involved in the collision (*id.* ¶¶ 6–14), minors who were involved in the collision, as well as the minors' parents and guardians (*id.* ¶¶ 15–97), medical providers who treated those involved in the collision (*id.* ¶¶ 98–112), and the Arkansas Department of Human Services (*id.* ¶ 113). The Court understands

that those named by Cincinnati may have claims to the funds Cincinnati has been permitted by the Court to interplead.

Pending before the Court are several motions (Dkt. Nos. 170, 188, 203, 212, 236).  The Court must resolve these motions to resolve this case.  The pending motions include, but are not limited to, motions for distribution hearing filed by certain defendant claimants (Dkt. Nos. 203, 236).

Certain of these pending motions continue to involve Cincinnati, despite the Court having permitted Cincinnati to interplead funds.  Pending before the Court is Cincinnati's renewed motion for default judgment (Dkt. No. 170).  To resolve this motion, the Court seeks clarification on certain issues related to the parties and claims in this case, including clarification from Cincinnati which seeks the default judgment.  The Court also observes that Helena Regional Medical Center's ("HRMC") counterclaim remains pending against Cincinnati, as does Cincinnati's motion to dismiss HRMC's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. Nos. 187, 188).  The Court addresses these issues below.

## I.      Cincinnati's Renewed Motion For Default Judgment

Before ruling on Cincinnati's renewed motion for default judgment, the Court seeks input from Cincinnati and all parties regarding the following matters.

### A.      Proof Of Service

Cincinnati has filed affidavits of service on multiple defendants (Dkt. Nos. 73, 74, 76, 77, 78, 80, 81).  Based on the Court's review of these filings, at no time during the pendency of this action has Cincinnati filed proof of service on the following separate defendants named in Cincinnati's operative amended complaint (*see* Dkt. No. 140):

- Arkansas Department of Health (Dkt. No. 140, ¶ 102)

- Lovers Harris[1] (Dkt. No. 140, ¶ 38)

- Tamara Jones[2] (Dkt. No. 140, ¶ 62)

- Pillow Clinic PLLC[3] (Dkt. No. 140, ¶ 109)

- Yvette Smith[4] (Dkt. No. 140, ¶ 73)

- Janice Williams[5] (Dkt. No. 140, ¶ 46)

- Ron Williams[6] (Dkt. No. 140, ¶ 46)

The Court directs Cincinnati to show good cause in a written filing with the Court on or before September 26, 2022, why it has not filed proof of service as to Arkansas Department of Health, Lovers Harris, Tamara Jones, Pillow Clinic PLLC, Yvette Smith, Janice Williams, and Ron Williams.

Absent good cause, the Court will dismiss without prejudice Cincinnati's claims against Arkansas Department of Health, Lovers Harris, Tamara Jones, Pillow Clinic PLLC,

---

[1] The Court observes that Lovers Harris is the natural guardian of separate defendant Jasmine Pruitt, who is named in Cincinnati's renewed motion for default judgment (Dkt. No. 170), and the Clerk's entry of default (Dkt. No. 196).

[2] The Court observes that Tamara Jones is the natural guardian of separate defendant Brian Jackson, who is named in Cincinnati's renewed motion for default judgment (Dkt. No. 170), and the Clerk's entry of default (Dkt. No. 196).

[3] The Court observes that Cincinnati filed a stipulation of dismissal as to Pillow Clinic PLLC (Dkt. No. 3), but later named Pillow Clinic PLLC in its operative amended complaint (Dkt. No. 140).

[4] The Court observes that Yvette Smith is the natural guardian of separate defendant Javazze Speed, who is named in Cincinnati's renewed motion for default judgment (Dkt. No. 170), and the Clerk's entry of default (Dkt. No. 196). Pending before the Court is a motion to set aside the Clerk's entry of default as to defendant Javazee Speed (Dkt. No. 212).

[5] The Court observes that Janice Williams is the natural guardian of separate defendant Ra'Shanna Williams, who is named in Cincinnati's renewed motion for default judgment (Dkt. No. 170), and the Clerk's entry of default (Dkt. No. 196).

[6] The Court observes that Ron Williams is the natural guardian of separate defendant Ra'Shanna Williams, who is named in Cincinnati's renewed motion for default judgment (Dkt. No. 170), and the Clerk's entry of default (Dkt. No. 196).

Yvette Smith, Janice Williams, and Ron Williams.  *See* Fed.R.Civ.P. 4(m) (if service of summons and complaint is not made within 90 days of filing complaint, court, upon motion or its own initiative and after notice to plaintiff, shall dismiss action without prejudice as to that defendant, or direct that service be effected within specified time); *Edwards v. Edwards*, 754 F.2d 298, 299 (8th Cir. 1985) (*per curiam*) (if plaintiff fails to serve party and does not show good cause for failing to do so, court shall dismiss action).

Additionally, the Court observes that Cincinnati has filed proof of service on the following separate defendants who have not filed an answer or responsive pleading:

- Adina Holloway (Dkt. No. 140, ¶ 28)

- Rae King[7] (Dkt. No. 140, ¶ 39)

- Jamia Moore[8] (Dkt. No. 140, ¶ 21)

However, none of these separate defendants are named in Cincinnati's renewed motion for default judgment based on the Court's review (Dkt. No. 170).

The Court seeks clarification in a written filing with the Court from Cincinnati on or before September 26, 2022, with respect to its claims against Adina Holloway, Rae King, and Jamia Moore.

Further, given the procedural posture of this case, the Court directs Adina Holloway, Rae King, and Jamia Moore to show good cause in a written filing with the Court on or before September 26, 2022, why they have not prosecuted this action diligently if they intend to seek a

---

[7]   The Court observes that Rae King is the natural guardian of separate defendant Aasia Riley, who is named in Cincinnati's renewed motion for default judgment (Dkt. No. 170), and the Clerk's entry of default (Dkt. No. 196).

[8]   The Court observes that Jamia Moore is the natural guardian of separate defendant Jameshia Edmond, who is named in Cincinnati's renewed motion for default judgment (Dkt. No. 170).  By prior Order, Court denied Cincinnati's motion for default judgment as to separate defendant Jameshia Edmond (Dkt. No. 193).

portion of the interpleaded funds.  *See* Local Rule 5.5 of the United States District Court for the Eastern and Western Districts of Arkansas.

Absent clarification or proof of good cause, the Court will dismiss without prejudice Cincinnati's claims against Adina Holloway, Rae King, and Jamia Moore.

### B.    Spelling Of Defendant Names

Before entering default judgment, the Court has identified certain discrepancies between the spelling of defendants' names in Cincinnati's operative amended complaint and Cincinnati's renewed motion for default judgment (Dkt. Nos. 140, 170).  They are:

- Lashanunti Anderson (Dkt. No. 140, ¶ 52); Lashanuti Armstrong (Dkt. 170, ¶ 8)

- Terrace Bailey (Dkt. No. 140, ¶ 75); Terrace Bailey Jr. (Dkt. No. 170, ¶ 13)

- Terrace Bailey (Dkt. No. 140, ¶¶ 54, 75); Terrace Bailey Sr. (Dkt. No. 170, ¶ 12)

- Rashuna Boldien (Dkt. No. 140, ¶ 33); Rashuna Bolden (Dkt. No. 170, ¶ 58)

- DeMarcus Borum (Dkt. No. 140, ¶ 11); Demarcus Borum (Dkt. No. 170, ¶ 105)

- Daluis Fields (Dkt. No. 140, ¶ 57); Dalius Fields (Dkt. No. 170, ¶ 34)

- Yavarious Frazier (Dkt. No. 140, ¶ 58); Yarvarious Frazier (Dkt. No. 170, ¶ 36)

- Kaddarrian Jones (Dkt. No. 140, ¶ 31); Kadarrian Jones (Dkt. No. 170, ¶ 55)

- Jamarius McGee (Dkt. No. 140, ¶ 88); Jamarius McGhee (Dkt. No. 170, ¶ 64)

- DeWayne Stackhouse (Dkt. No. 140, ¶ 70); Dewayne Stackhouse (Dkt. No. 170, ¶ 79)

- Ra'Shanna Williams (Dkt. No. 140, ¶ 46); Ra'Shannah Williams (Dkt. No. 170, ¶ 112)

- Janet Marie Wright (Dkt. No. 140, ¶ 5); Janett Wright (Dkt. No. 170, ¶ 113)

The Court directs Cincinnati to provide clarification as to the spelling of each of these names in a written filing with the Court on or before September 26, 2022. Absent further clarification from Cincinnati, the Court will proceed with the name as spelled in Cincinnati's operative amended complaint (Dkt. No. 140).

### C.      Status Of The Request For Default As To Certain Defendants

The Court observes that Cincinnati moves for default judgment against Terrance Calhoun, but Terrance Calhoun is not named in Cincinnati's operative complaint (*Compare* Dkt. No. 170, ¶ 23 *with* Dkt. No. 140). The Court is reluctant to enter default judgment against Terrance Calhoun given these circumstances. The Court seeks clarification in a written filing with the Court from Cincinnati on or before September 26, 2022, with respect to its claims against Terrance Calhoun. The Court invites any other party with information regarding this matter to inform the Court.

The Court also observes that Cincinnati moves for default judgment against Pamela Jones[9] (Dkt. No. 170, ¶ 99). Pamela Jones filed an answer to Cincinnati's amended complaint within the time period allotted by the Federal Rules of Civil Procedure (Dkt. No. 69). Based on the Court's review of the docket, Pamela Jones has not opposed Cincinnati's motion for default judgment or moved to set aside the Clerk's entry of default (Dkt. No. 196). The Court is reluctant to enter default judgment against Pamela Jones given these circumstances. The Court seeks clarification in a written filing with the Court from Cincinnati on or before September 26, 2022, with respect

---

[9] The Court observes that Pamela Jones is the natural guardian of separate defendants Kayla Jones and Ahmaud Jones. Pending before the Court is a motion for distribution hearing filed by Kayla Jones and Ahmaud Jones (Dkt. No. 236).

to its claims against Pamela Jones.  The Court invites any other party with information regarding this matter to inform the Court.

Finally, the Court observes that Cincinnati moves for default judgment against Kendric Smith and Amy Carter, guardian of Kendric Smith (Dkt. No. 170, ¶¶ 82–83).  Kendric Smith and Amy Carter filed an untimely answer to Cincinnati's operative amended complaint (Dkt. No. 173). The Clerk subsequently sent a deficiency letter to Kendric Smith and Amy Carter notifying them that the answer lacked a correct case number (Dkt. No. 176).  Based on the Court's review of the docket, undersigned counsel for Kendric Smith and Amy Carter did not correct the answer.  The Clerk entered default against Kendric Smith but not against Amy Carter (Dkt. No. 196, at 8).  The Court is reluctant to enter default judgment against Kendric Smith given these circumstances.  The Court seeks clarification in a written filing with the Court from Cincinnati on or before September 26, 2022, with respect to its claims against Kendric Smith and Amy Carter.  The Court invites any other party with information regarding this matter to inform the Court.

## II.    HRMC Counterclaim Against Cincinnati

The Court also observes that HRMC's counterclaim remains pending against Cincinnati, as does Cincinnati's motion to dismiss HRMC's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. Nos. 187, 188).  As this Court previously observed, HRMC indicated that it would move to withdraw its counterclaim against Cincinnati if the Court determined Cincinnati's liability was limited to $100,000 (Dkt. Nos. 169, ¶ 8; 191, at 4 n.1).  The Court made that determination with respect to the scope of Cincinnati's liability (Dkt. No. 195).  To date, HRMC has not moved to withdraw or dismiss its counterclaim against Cincinnati.

The Court directs HRMC and Cincinnati to confer regarding the status of HRMC's pending counterclaim and to file a joint written status report with the Court on or before September 26,

2022, with respect to this counterclaim.  If the parties are unable to agree on a joint written status report, each party may file a separate report.

### III.     Motions For Distribution Hearing

The Court also has before it pending motions for distribution hearing filed by certain defendant claimants (Dkt. Nos. 203, 236).  In addition, counsel for certain defendant claimants have indicated through informal communication with the Court an interest in a settlement conference.   The Court intends to schedule a hearing with counsel and those interested parties in an effort to determine the best procedure to resolve the remaining issues in this case.  First, however, the Court seeks to resolve the matters identified in this Order in an effort to understand all parties who should participate in those discussions.

### IV.     Conclusion

It is therefore ordered that:

1.     The Court directs Cincinnati to show good cause in a written filing with the Court on or before September 26, 2022, why it has not filed proof of service as to Arkansas Department of Health, Lovers Harris, Tamara Jones, Pillow Clinic PLLC, Yvette Smith, Janice Williams, and Ron Williams.

2.     The Court directs Cincinnati to provide clarification in a written filing with the Court on or before September 26, 2022, with respect to its claims against Adina Holloway, Rae King, and Jamia Moore.

3.     The Court directs Adina Holloway, Rae King, and Jamia Moore to show good cause in a written filing with the Court on or before September 26, 2022, why they have not prosecuted this action diligently if they intend to seek a portion of the interpleaded funds.

4.      The Court directs Cincinnati to provide clarification as to the spelling of certain defendant names in written filing with the Court on or before September 26, 2022.

5.      The Court directs Cincinnati to provide clarification in a written filing with the Court on or before September 26, 2022, with respect to its claims against Terrance Calhoun.  The Court invites any other party with information regarding this matter to inform the Court.

6.      The Court directs Cincinnati to provide clarification in a written filing with the Court on or before September 26, 2022, with respect to its claims against Pamela Jones.  The Court invites any other party with information regarding this matter to inform the Court.

7.      The Court directs Cincinnati to provide clarification in a written filing with the Court on or before September 26, 2022, with respect to its claims against Kendric Smith and Amy Carter.  The Court invites any other party with information regarding this matter to inform the Court.

8.      The Court directs HRMC and Cincinnati to confer regarding the status of HRMC's pending counterclaim (Dkt. No. 187) and to file a joint written status report with the Court on or before September 26, 2022, with respect to this counterclaim.  If the parties are unable to agree on a joint written status report, each party may file a separate report.

It is so ordered this 16th day of September, 2022.

Kristine G. Baker
United States District Judge