IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CINCINNATI INSURANCE COMPANY,**
**INC.**                                                                                                          PLAINTIFF

v.                                  Case No. 2:19-cv-00115 KGB

**ANDREA DIEVERNICH,** *et al.*                                                                  DEFENDANTS

### ORDER

Before the Court is plaintiff Cincinnati Insurance Company, Inc.'s ("Cincinnati") renewed motion for default judgment (Dkt. No. 170). Also pending before the Court are a motion to set aside Clerk's entry of default as to defendant Javazee Speed filed by separate defendants Dr. Mark Allen, Sr., Montreal Allen, Andrew Bagley, Collin Bagley, Cheryl Dixon, Chiniya Ellis, Chester Harrell, Demontae Oliver, Philemon Oliver, Gian Roberts, Trina Roberts, Earnest Simpson, Keisha Simpson, Kobe Simpson, Kylan Terry, Breuna Womack, Earnest Womack, D'andreya Devay Young, and D'andreya Young (collectively, the "Allen Defendants")[1] and a motion to set aside default judgment filed by separate defendants Kayla Jones and Ahmaud Jones, through their natural guardian, Pamela Jones (Dkt. Nos. 212, 239). Finally, the Court has before it motions for distribution hearing filed by separate defendants Jaylon Gates, Torri Gates, Maxine Ellison, Jordan Walker, Donna Block aka Donna Ewing, Carl Ford Jr., Cynthia Ford, Keyon Burrell, Marvie Askew-Evans, Kylar Gamble, Bobbie Randle, Kylaun Anderson, Sandra Anderson, Bakarius Collier, Tasheta Evans, Ma'Kaylah Carruth, Magnolia Ford, Angel Sanders, and Latesha Sanders

---

[1] The Court acknowledges that, in past orders, "Allen Defendants" has consisted of a varying collective of separate defendants (*See, e.g.*, Dkt. Nos. 88, 153, 184, 195). The Court uses the defined term here to refer to the specific individuals identified in this Order.

aka Latsha Morgan (collectively, the "Etoch Defendants") as well as by separate defendants Kayla Jones and Ahmaud Jones (collectively, "Jones Defendants") (Dkt. Nos. 203, 236).

The Court addresses each pending motion in turn.

### I. Factual And Procedural Background

This case arises from a November 10, 2017, motor vehicle collision in Saline County, Arkansas involving three Helena-West Helena School District school buses and a Jeep Liberty (Dkt. No. 1). Cincinnati filed its original complaint in interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure on July 27, 2018, and later deposited $100,000 into the registry of the Court (Dkt. Nos. 1; 140; 146, ¶ 8). Cincinnati's operative complaint names approximately 191 individuals and entities as defendants, including the guardians of the minor defendants (Dkt. No. 140, ¶¶ 2–113). The defendants include drivers and passengers on the school buses, adjacent vehicles, and entities alleged to have provided medical treatment as a result of the accident (*Id.*, ¶ 118). At issue was the total amount of liability coverage available to defendants under Cincinnati's insurance policy (Dkt. No. 140, ¶¶ 118–121).

By previous Order, this Court granted Cincinnati's motion for declaratory judgment and motion for summary judgment (Dkt. No. 195). The Court concluded that Cincinnati's insurance policy unambiguously limits the liability coverage for any one accident to $100,000 (*Id.*). The Court further concluded that the four-vehicle collision at issue in this case was a single accident under the insurance policy because the vehicles collided with each other in the same place at the same time, and the same condition—backed-up rush-hour traffic—caused each vehicle to brake unexpectedly and resulted in bodily injury and property damage (*Id.*). Accordingly, the Court concluded that Cincinnati's insurance policy requires $100,000 in liability coverage for the November 10, 2017, accident (*Id.*).

On February 10, 2021, Cincinnati filed a renewed motion for default judgment (Dkt. No. 170). In that motion, Cincinnati identified 105 separate defendants who Cincinnati contends were timely served and did not timely answer or contest Cincinnati's right to interplead (*Id.*, ¶¶ 2–4, 6–99, 105–113). Accordingly, Cincinnati in its motion for default judgment seeks an order from this Court discharging it from any further liability to any of the identified separate defendants and a permanent injunction prohibiting the identified separate defendants from instituting any proceedings against Cincinnati regarding the accident at issue (*Id.*).

On September 29, 2021, the Court entered an Order construing Cincinnati's motion as a motion for entry of default by the Clerk pursuant to Federal Rule of Civil Procedure 55(a) and referring the motion to the Clerk for consideration (Dkt. No. 193). The Court denied Cincinnati's motion for default judgment as to separate defendants Jameshia Edmond, Richard Brown, and Deketric Davis (*Id.*). The Court directed the Clerk not to term Cincinnati's motion (*Id.*).

On September 30, 2021, the Clerk of this Court entered default against each of the following defendants: Becky Alexander, Align MD PLLC, Lashanunti Armstrong, Makhi Armstrong, Sammy Arnett, III, Stacy Arnett, Dana Austin, Amod Bailey, Terrace Bailey Sr., Terrance Bailey Jr., Nicole Baker, Shamika Beale, Eric Bolden, Rance Bolden, Rashuna Boldien, Adrienne Boone, DeMarcus Borum, Marcia Bowen, Aeshia Brown, Cachet Brown, Monica Brown, Timothy Bryant Jr., Jerry Burks, Armonie Calhoun, Terrance Calhoun Jr., Jennie Davis, Willie Davis, Andrea Dievernich, Clayton Dyer, Jeff Dyer, Brian Eaton, Jakoliyan Eaton, Latoria Eaton, Eddie Evans, Dalius Fields, Yavarious Frazier, Jarvis Greer, Tanya Greer, Mattie Hardin, Caldreekious Harrell, Tasha Harrell, Markese Harris, Annesha Harrison, Lorenzo Harrison, Nathaniel Harvey, Sharmarcus Heard, Steven Heard, Hickory Hill Pharmacy, Tashia Holder, Eboni Holloway, Cleo Hunter, Brian Jackson, William Jackson, Kadarrian Jones, Pamela Jones,

Orra Lacey, Jayla Lemon, Veronica Lindzy, Andrew Mattson, Silas Ray Marshall, Sha'Kiera McGaughy, Jamarius McGee, Kimberly McKinney, Daitrion McMinney, Mid-Delta Radiology Associates, Richard Moore, Patrick Mugridge, Jakahriyah Owens, Jasmine Pruitt, Avin Redmon, Devita Redmon, Cynthia Redmond, Aasia Riley, Joseph Robinson, Sariah Robinson, Justin Rogers, Kamedra Rogers, Pam Rogers, Saline Clinics LLC, DeMarcus Sheard, Kendric Smith, Shalanda Smith, Erica Speed, Javazze Speed, Tykiah Speed, DeWayne Stackhouse, Mamie Stevenson, Lola Jones-Stevenson, Tommy Lee Stevenson, Kendrick Strickland, Randy Swearengen, Tandria Thomas, Malek Trotter, Walter Vaughn, Crystal Williams, Michelle Williams, Ra'Shanna Williams, Calvin Willis, Aaron Wright, Debra Wright, and Janet Marie Wright (Dkt. No. 196).[2]

---

[2] The Court lists the names of these individuals as they appear in the Clerk's entry of default (Dkt. No. 196), which differs slightly from the listed docket entry that appears. Additionally, Cincinnati provided clarification as to the spelling of certain names in a recent filing (Dkt. No. 240, at 4–5).

Further, since the Clerk's Entry of Default, mail returned undeliverable as to the following defendants:
- Kendric Smith (Dkt. No. 197)
- Jarvis Greer (Dkt. No. 198)
- William Jackson (Dkt. No. 199)
- Dana Austin (Dkt. No. 200)
- Debra Wright (Dkt. No. 201)
- Tanya Greer (Dkt. No. 202)
- Edie Evans (Dkt. No. 204)
- Aaron Wright (Dkt. No. 205)
- Kamedra Rogers (Dkt. No. 206)
- DeMarcus Sheard (Dkt. No. 207)
- Shalanda Smith (Dkt. No. 208)
- Align MD PLLC (Dkt. No. 209)
- Eric Bolden (Dkt. No. 210)
- Tykiah Speed (Dkt. No. 213)
- Sha'Kiera McGaughy (Dkt. No. 214)
- Aeshia Brown (Dkt. No. 215)
- Kimberly McKinney (Dkt. No. 216)
- Daitrion McMinney (Dkt. No. 217)

## II. Motions To Set Aside Clerk's Entry Of Default

The Allen Defendants filed a motion set aside the Clerk's entry of default as to defendant Javazze Speed (Dkt. No. 212). Separate defendants Kayla Jones and Ahmaud Jones, through their natural guardian Pamela Jones, also filed a motion to set aside default judgment (Dkt. No. 239). For the following reasons, the Court grants both motions (Dkt. Nos. 212, 239).

The Allen Defendants state that Javazze Speed filed an answer to Cincinnati's first amended complaint (Dkt. No. 212., at 1 (citing (Dkt. No. 83)). They assert that Javazze Speed did not act in bad faith when he failed to file timely an answer and that the Clerk's entry of default should be set aside so that Javazze Speed can recover the damages Cincinnati "has already conceded he is owed." (*Id.*, at 4). They further assert that Cincinnati "will not suffer any tangible harm if the entry of default is set aside." (*Id.*). No party has responded in opposition to the motion, and the time to do so has passed.

Separate defendants Kayla Jones and Ahmaud Jones, through their natural guardian Pamela Jones, state that Pamela Jones filed an answer to Cincinnati's first amended complaint (Dkt. No. 239, ¶ 2 (citing Dkt. No. 69)). They cite the common defense doctrine and assert that Cincinnati will suffer no prejudice if the entry of default is set aside (*Id.*, ¶¶ 5–7).

---

- Willie Davis (Dkt. No. 218)
- Mattie Hardin (Dkt. No. 219)
- Jakahriyah Owens (Dkt. No. 220)
- Pamela Jones (Dkt. No. 221)
- Sariah Robinson (Dkt. No. 223)
- Walter Vaughn (Dkt. No. 224)
- Jennie Davis (Dkt. No. 225)
- Erica Speed (Dkt. No. 226)
- Pam Rogers (Dkt. No. 227)

Although a motion to set aside an entry of default typically involves consideration of the same factors as a motion to set aside default judgment pursuant to Federal Rule of Civil Procedure 60(b), relief from a mere default entry does not require as strong of a showing as excuse from a default judgment. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). There is a distinction because "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Id.* at 784. The judicial preference is to adjudicate claims on the merits. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993).

"Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson*, 140 F.3d at 783. Essentially, the court must determine whether good cause exists to set aside default and allow the defendant to proceed on the merits. *See* Fed. R. Civ. P. 6(b), 55(c).

The Court finds that good cause exists to set aside the default as to Javazee Speed and Pamela Jones. The delay caused by these defendants' failure to file a timely answer will not affect the progression of this matter. The Court also recognizes that, like other defendants who did answer timely, these defendants likely have claims to the available policy proceeds that should be resolved on the merits, which is the Court's preference. Given all of the facts and circumstances of this matter, the Court determines that the delay of Javazze Speed and Pamela Jones to answer timely was the result of excusable neglect.

For these reasons, the Court grants the Allen Defendants' motion to set aside Clerk's entry of default as to defendant Javazee Speed (Dkt. No. 212). The Court also grants the motion to set

aside default judgment filed by separate defendants Kayla Jones and Ahmaud Jones, through their natural guardian, Pamela Jones (Dkt. No. 239).

### III.     Renewed Motion For Default Judgment

Cincinnati filed a renewed motion for default judgment (Dkt. No. 170). Cincinnati seeks a default judgment against various defendants who Cincinnati contends were timely served and did not timely answer or contest Cincinnati's right to interplead (*Id.*, ¶¶ 2–4. 6–99, 105–113). Cincinnati asks that the Court discharge it from any further liability to any of these defendants and for a permanent injunction prohibiting these defendants from instituting any proceedings against Cincinnati regarding the accident at issue (*Id.*).

The Court denied Cincinnati's motion for default judgment as to Jameshia Edmond, Richard Brown, and Deketric Davis[3] (Dkt. No. 193). The Clerk entered default as to each of the following defendants:

> Becky Alexander, Align MD PLLC, Lashanunti Armstrong, Makhi Armstrong, Sammy Arnett, III, Stacy Arnett, Dana Austin, Amod Bailey, Terrace Bailey Sr., Terrance Bailey Jr., Nicole Baker, Shamika Beale, Eric Bolden, Rance Bolden, Rashuna Boldien, Adrienne Boone, DeMarcus Borum, Marcia Bowen, Aeshia Brown, Cachet Brown, Monica Brown, Timothy Bryant Jr., Jerry Burks, Armonie Calhoun, Terrance Calhoun Jr., Jennie Davis, Willie Davis, Andrea Dievernich, Clayton Dyer, Jeff Dyer, Brian Eaton, Jakoliyan Eaton, Latoria Eaton, Eddie Evans, Dalius Fields, Yavarious Frazier, Jarvis Greer, Tanya Greer, Mattie Hardin, Caldreekious Harrell, Tasha Harrell, Markese Harris, Annesha Harrison, Lorenzo Harrison, Nathaniel Harvey, Sharmarcus Heard, Steven Heard, Hickory Hill Pharmacy, Tashia Holder, Eboni Holloway, Cleo Hunter, Brian Jackson, William Jackson, Kadarrian Jones, Pamela Jones, Orra Lacey, Jayla Lemon, Veronica Lindzy, Andrew Mattson, Silas Ray Marshall, Sha'Kiera McGaughy, Jamarius McGee, Kimberly McKinney, Daitrion McMinney, Mid-Delta Radiology Associates, Richard Moore, Patrick Mugridge, Jakahriyah Owens, Jasmine Pruitt, Avin Redmon, Devita Redmon, Cynthia Redmon, Aasia Riley, Joseph Robinson, Sariah Robinson, Justin Rogers, Kamedra Rogers, Pam Rogers, Saline Clinics

---

[3] The Court notes that Deketric Davis was not named in Cincinnati's renewed motion for default judgment (170). However, Deketric Davis was among the separate defendants who filed a response docketed as a response in opposition to Cincinnati's motion for declaratory judgment, which the Court construed as a response in opposition to Cincinnati's motion for default judgment based on the content of the filing (Dkt. No. 177).

> LLC, DeMarcus Sheard, Kendric Smith, Shalanda Smith, Erica Speed, Javazze Speed, Tykiah Speed, DeWayne Stackhouse, Mamie Stevenson, Lola Jones-Stevenson, Tommy Lee Stevenson, Kendrick Strickland, Randy Swearengen, Tandria Thomas, Malek Trotter, Walter Vaughn, Crystal Williams, Michelle Williams, Ra'Shanna Williams, Calvin Willis, Aaron Wright, Debra Wright, and Janet Marie Wright.

(Dkt. No. 196).[4] As discussed *supra*, and for the reasons explained, the Court sets aside the Clerk's entry of default as to separate defendants Javazze Speed and Pamela Jones.

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk of Court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the Rule. *Id.* Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b). *Id.*

Because a Clerk's default has been entered, the Court considers Cincinnati's motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. In the context of an interpleader action, "[i]t has been repeatedly held that '[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted.'" *Gulf Coast Galvanizing, Inc. v. Steel Sales, Co.*, 826 F. Supp. 197, 203 (S.D. Miss. 1993) (quoting *Gen. Accident Grp. v. Gagliardi*, 593 F. Supp. 1080, 1089 (D. Conn. 1984), *aff'd*, 767 F.2d 907 (2d Cir. 1985); *see also*

---

[4] The Court lists the names of these individuals as they appear in the Clerk's entry of default (Dkt. No. 196), which differs slightly from the listed docket entry that appears. Additionally, Cincinnati provided clarification as to the spelling of certain names in a recent filing (Dkt. No. 240, at 4–5).

*Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("[I]f all but one named interpleader defendants defaulted, the remaining defendant would be entitled to the fund."). Accordingly, "a default judgment may be entered against any named and served interpleader defendant who fails to respond to the interpleader complaint." *Protective Life Ins. Co. v. Tinney*, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25, 2015) (collecting cases).

Based on the controlling case law and on the record before it, the Court determines that default judgment is appropriate. Cincinnati is not entitled to default judgment against Jameshia Edmond, Richard Brown, and Deketric Davis (*see* Dkt. No. 193). Cincinnati also is not entitled to default judgment against Javazze Speed and Pamela Jones for the reasons explained in this Order. The Court also declines to enter default judgment against Terrance Calhoun and Kendric Smith. Terrance Calhoun is not named in Cincinnati's operative complaint (Dkt. No. 140), and Kendric Smith filed an untimely answer to Cincinnati's operative complaint (Dkt. No. 173). Cincinnati is entitled to default judgment against the following separate defendants (hereinafter, "Defaulting Claimants"):

> Becky Alexander, Align MD PLLC, Lashanunti Armstrong, Makhi Armstrong, Sammy Arnett, III, Stacy Arnett, Dana Austin, Amod Bailey, Terrace Bailey Sr., Terrance Bailey Jr., Nicole Baker, Shamika Beale, Eric Bolden, Rance Bolden, Rashuna Boldien, Adrienne Boone, DeMarcus Borum, Marcia Bowen, Aeshia Brown, Cachet Brown, Monica Brown, Timothy Bryant Jr., Jerry Burks, Armonie Calhoun, Jennie Davis, Willie Davis, Andrea Dievernich, Clayton Dyer, Jeff Dyer, Brian Eaton, Jakoliyan Eaton, Latoria Eaton, Eddie Evans, Dalius Fields, Yavarious Frazier, Jarvis Greer, Tanya Greer, Mattie Hardin, Caldreekious Harrell, Tasha Harrell, Markese Harris, Annesha Harrison, Lorenzo Harrison, Nathaniel Harvey, Sharmarcus Heard, Steven Heard, Hickory Hill Pharmacy, Tashia Holder, Eboni Holloway, Cleo Hunter, Brian Jackson, William Jackson, Kadarrian Jones, Orra Lacey, Jayla Lemon, Veronica Lindzy, Andrew Mattson, Silas Ray Marshall, Sha'Kiera McGaughy, Jamarius McGee, Kimberly McKinney, Daitrion McMinney, Mid-Delta Radiology Associates, Richard Moore, Patrick Mugridge, Jakahriyah Owens, Jasmine Pruitt, Avin Redmon, Devita Redmon, Cynthia Redmond, Aasia Riley, Joseph Robinson, Sariah Robinson, Justin Rogers, Kamedra Rogers, Pam Rogers, Saline Clinics LLC, DeMarcus Sheard, Shalanda Smith, Erica Speed, Tykiah Speed, DeWayne Stackhouse, Mamie Stevenson, Lola

>Jones-Stevenson, Tommy Lee Stevenson, Kendrick Strickland, Randy Swearengen, Tandria Thomas, Malek Trotter, Walter Vaughn, Crystal Williams, Michelle Williams, Ra'Shanna Williams, Calvin Willis, Aaron Wright, Debra Wright, and Janet Marie Wright.

As to the Defaulting Claimants, Cincinnati is entitled to discharge and protection from further liability arising out of any claims to the funds at issue in this action.

Therefore, the Court grants, in part, and denies, in part, Cincinnati's motion for renewed default judgment (Dkt. No. 170). Default judgment against each of the Defaulting Claimants will be entered accordingly.

### IV. Motions For Hearing On Distribution of Funds

The Etoch Defendants and Jones Defendants filed nearly identical motions for distribution hearing (Dkt. Nos. 203, 236). In their motions, the Etoch Defendants and Jones Defendants request that the Court schedule a hearing to determine how the $100,000 will be distributed among all of the defendants (*Id.*). Separate defendant Jaylon Gates filed a response to the Etoch Defendants' motion stating that he has no objection to the Court setting a hearing to determine how the funds will be allocated in this case (Dkt. No. 211). Jaylon Gates also asks that the Court revise the pleadings to establish that Cincinnati is no longer in this case and to allow the parties to respond to provide their evidence in support of their claim as to the total amount interpleaded in this case (*Id.*, ¶¶ 2–3).

Interpleader is a two-stage process. During the first stage, the Court decides whether interpleader is available by determining "whether the prerequisites to rule or statutory interpleader have been met by examining such things as the citizenship of the litigants, the merits of the asserted threat of multiple vexation, and, if interpleader is sought under the statute, the sufficiency of the stakeholder's deposit or bond." Charles Alan Wright, et al., 7 Fed. Prac. & Proc. Civ. § 1714 (3d ed.) (West 2013). During the second stage, the Court determines the respective rights of the

10

claimants to the fund at issue. *See id.*; *United States v. High Tech. Products, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007). Discharge is available at the conclusion of the first stage. Once the Court decides that interpleader is available, "it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead . . . ." *Id.* When the stakeholder does not assert a claim to the stake, "the stakeholder should be dismissed immediately following its deposit of the stake into the registry of the court. That dismissal should take place without awaiting an adjudication of the defendants' competing claims." *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 107 (1st Cir. 2007) (citation omitted)

Because Cincinnati has deposited $100,000 into the registry of the Court and because the Court has determined that there is $100,000 in insurance coverage available under Cincinnati's insurance policy and discharged Cincinnati as a disinterested stakeholder in this action, the Court now must determine the rightful claimant or claimants of the interpleaded funds. In an interpleader action, each claimant has the burden of establishing its right to the disputed funds by a preponderance of the evidence. *See Consol. Underwriters of S.C. Ins. Co. v. Bradshaw*, 136 F.Supp. 395, 397 (W.D. Ark. 1995).

For good cause shown, the Court grants the motions for distribution hearing (Dkt. Nos. 203, 236). The Court will schedule a distribution hearing by separate Order.

### V. Conclusion

It is therefore ordered that:

1. The Court grants the Allen Defendants' motion to set aside Clerk's entry of default as to defendant Javazze Speed (Dkt. No. 212).

2.      The Court grants the motion to set aside default judgment filed by separate defendants Kayla Jones and Ahmaud Jones, through their natural guardian Pamela Jones (Dkt. No. 239).

3.      The Court grants, in part, and denies, in part, Cincinnati's motion for renewed motion for default judgment (Dkt. No. 170).  Default judgment against each of the Defaulting Claimants will be entered accordingly.

4.      The Court grants the motions for distribution hearing filed by the Etoch Defendants and Jones Defendants (Dkt. Nos. 203, 236).  The Court will schedule a distribution hearing by separate Order.

It is so ordered this 28th day of September, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge